```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Debra Chapin

    v.                             Civil No. 17-cv-436-LM

                                       Opinion No. 2018 DNH 233

Commissioner of Social Security

## **O R D E R**

Debra Chapin seeks judicial review of the decision of the Acting Commissioner of the Social Security Administration, denying her application for social security income benefits. Chapin moves to reverse the Acting Commissioner's decision, and the Acting Commissioner moves to affirm. For the reasons discussed below, the court grants Chapin's motion to reverse and denies the Acting Commissioner's motion to affirm.

## **STANDARD OF REVIEW**

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the [Administrative Law Judge] deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Fischer v.

Colvin, 831 F.3d 31, 34 (1st Cir. 2016). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis. 20 C.F.R. § 416.920(a)(4). The claimant "has the burden of production and proof at the first four steps of the process." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). The first three steps are (1) determining whether the claimant is engaged in substantial gainful activity; (2) determining whether she has a severe impairment; and (3) determining whether the impairment meets or equals a listed impairment. 20 C.F.R. § 416.920(a)(4)(i)-(iii).

At the fourth step of the sequential analysis, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a determination of the most a person can do in a work setting despite her limitations caused by impairments, id. § 416.945(a)(1), and her past relevant work, id. § 416.920(a)(4)(iv). If the claimant can perform her past relevant work, the ALJ will find that the claimant is not disabled. See id. § 416.920(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ proceeds to Step Five,

in which the ALJ has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment.  See id. § 416.920(a)(4)(v).

**BACKGROUND**

A detailed statement of the facts can be found in the parties' Joint Statement of Material Facts (doc. no. 13).  The court provides a brief summary of the case here.

On April 2, 2014, Chapin filed an application for disability insurance benefits and supplemental social security income benefits, alleging a disability onset date of August 25, 2008, when she was 36 years old.  She alleged a disability due to depression, anxiety, diverticulosis, irritable bowel syndrome, fibromyalgia, and gastroesophageal reflux disease.

After Chapin's claim was denied, she requested a hearing in front of an ALJ.  On January 14, 2016, the ALJ held a video hearing, during which Chapin testified and was represented by an attorney.  At some point prior to or during the hearing, Chapin amended her disability onset date to April 2, 2014.  In light of the amendment, the ALJ dismissed Chapin's request for disability insurance benefits because she did not have disability insured status on her amended onset date.

On March 2, 2016, the ALJ issued an unfavorable decision. He found that Chapin had the following severe impairments:

fibromyalgia, obesity, bipolar disorder with depression, post-traumatic stress disorder, and alcohol use disorder. The ALJ also found that Chapin had the residual functional capacity to perform light work, as defined in 20 C.F.R. § 416.967(b), with certain limitations as to her ability to maintain attention and concentration and socially interact with others.

Dennis J. King, an impartial vocational expert, testified at the hearing. In response to hypotheticals posed by the ALJ, King testified that a person with Chapin's RFC could perform the job of folding machine operator, a job that Chapin held within the past 15 years. Based on King's testimony, the ALJ found at Step Four that Chapin was not disabled.

On July 26, 2017, the Appeals Council denied Chapin's request for review, making the ALJ's decision the Acting Commissioner's final decision. This action followed.

## DISCUSSION

Chapin argues that the ALJ committed nine errors in making his disability determination, each of which requires reversal. She contends that the ALJ erred by: (1) failing to explain why he disregarded specific portions of medical opinions to which he otherwise attributed great weight; (2) improperly weighing the medical opinion evidence in the record; (3) failing to properly assess Chapin's GAF scores; (4) finding that Chapin's anxiety

was not a severe impairment; (5) neglecting to consider medical

opinion evidence at Step Three; (6) ignoring evidence of

Chapin's limitations as to her mental functional capacity; (7)

failing to adequately evaluate the effect of Chapin's obesity;

(8) relying on flawed vocational expert testimony during his

Step Four determination; and (9) failing to resolve a conflict

between the vocational expert's testimony and the Dictionary of

Occupational Titles.  The Acting Commissioner disputes each of

these arguments and contends that the ALJ's decision is

supported by substantial evidence.

I.    Disregarding Portions of Medical Opinions

The ALJ found that Chapin had the RFC

> to perform light work as defined in 20 CFR 416.967(b)
> except she can occasionally climb stairs, ladders,
> ropes, and scaffolds, and can occasionally perform all
> of the postural maneuvers.  She is limited to simple
> unskilled work, and is able to maintain attention and
> concentration for two hour increments throughout an
> eight hour work day and forty hour workweek.  <u>She
> should avoid social interaction with the general[]
> public but can sustain brief and superficial social
> interaction with coworkers and supervisors.</u>

Admin. Rec. at 26 (emphasis added).  In assessing Chapin's RFC,

the ALJ "gave great weight to the opinions of the mental

consultative examiners, Richard Root, Ed.D., and Gregory

Korgeski, Ph.D., who evaluated the claimant in 2013 and 2014,

respectively."  <u>Id.</u> at 28.  The ALJ noted that both Drs. Root

and Korgeski described Chapin as "capable of simple, routine

tasks with limited contact with fellow employees and supervisors and no contact with the public." Id. The ALJ found that both opinions were supported by Chapin's "history of social anxiety and post-traumatic stress disorder based upon interpersonal trauma." Id.

Chapin contends that the ALJ erred by failing to explain why he did not adopt certain parts of Dr. Root's 2013 opinion that were more restrictive than the ALJ's RFC assessment.[1] Specifically, she notes that Dr. Root opined that Chapin could function in a work environment that was "supportive and non-demanding emotionally," but would have difficulty working in a setting where demands are being made, particularly by men. Admin. Rec. at 445. Chapin also points to Dr. Root's opinion that she would be able to tolerate a work environment that is "a supportive and structured one" but would have difficulty interacting with "supervisors who are more demanding or more threatening." Id. Chapin argues that the ALJ's failure to explain why he did not adopt these restrictions—which go beyond a mere limitation of "brief and superficial social interaction with coworkers and supervisors"—in the RFC assessment is reversible error.

_____

[1] Chapin also contends separately that the ALJ erred by failing to address Dr. Root's 2009 opinion. For the reasons explained below, the court need not reach that argument.

The Acting Commissioner does not meaningfully dispute that these parts of Dr. Root's opinion are more restrictive than the ALJ's RFC assessment. She argues, however, that the ALJ was entitled to reject these portions of the opinion despite not addressing them in his decision. The Acting Commissioner asserts that the ALJ did not err because Dr. Korgeski's opinion did not include the same limitations that Dr. Root found and, therefore, the ALJ was entitled to reject those limitations.

An ALJ is entitled to give great weight to a portion of an opinion, but lesser or no weight to another portion of an opinion. See Snow v. Astrue, No. 10-cv-609-SM, 2011 WL 4828656, at *4 (D.N.H. Oct. 12, 2011). While "an ALJ need not adopt all or any part of a particular provider's report, he must state his reasons for adopting only a portion of it." Kenerson v. Astrue, No. 10-cv-161-SM, 2011 WL 1981609, at *5, n.7 (D.N.H. May 20, 2011); Rawson v. Astrue, Civil No. 09-469-BW, 2010 WL 2923902, at *2 (D. Me. July 19, 2010). "An explanation is needed because, without it, this court cannot meaningfully review the ALJ's decision." Snow, 2011 WL 4828656, at *4; see also Boothby v. Berryhill, No. 2:16-cv-00599-JHR, 2018 WL 1144371, at *3 (D. Me. Mar. 2, 2018) (granting claimant's motion to reverse because the ALJ "erred by failing to analyze, or even acknowledge, opinion evidence that he purported to give [great] weight, leaving [the court] unable to conclude that he reached a

supportable result via an acceptable analytical pathway");
Dwyer v. Astrue, No. 11-cv-374-SM, 2012 WL 2319097, at *5
(D.N.H. June 19, 2012).

    The ALJ gave great weight to some of Dr. Root's 2013
opinion but did not adopt or explain why he declined to adopt
Dr. Root's opinion as to Chapin's functional limitations
regarding the type of work environment Chapin could tolerate or
the limitations on her social interactions or working for male
supervisors.  The Acting Commissioner suggests that the ALJ
might have rejected the more restrictive portions of Dr. Root's
opinion because Dr. Korgeski's opinion, to which the ALJ also
attributed great weight, did not include those same
restrictions.  But "the court cannot affirm an agency decision,
including a decision of the Acting Commissioner of Social
Security, based on post hoc rationalizations that were not part
of the decision."  Castro v. Acting Comm'r, Soc. Sec. Admin.,
No. 17-cv-399-JD, 2018 WL 1509078, at *3 (D.N.H. Mar. 27, 2018)
(citing cases); see also Lyons ex rel. X.M.K.L. v. Astrue, No.
CIV.A. 12-30013-KPN, 2012 WL 5899326, at *6 (D. Mass. Nov. 26,
2012).  Therefore, the Acting Commissioner's argument cannot
provide substantial evidence for the ALJ's decision.

    For this reason, the court is unable to determine whether
the ALJ's decision is based on substantial evidence.  Therefore,
the case must be remanded for further proceedings.

II.  Remaining Issues

In light of the foregoing, the court need not address Chapin's remaining claims of error. The ALJ may address those issues, if necessary, upon remand.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion to reverse (doc. no. 8) is granted, and the Acting Commissioner's motion to affirm (doc. no. 12) is denied.  The case is remanded pursuant to sentence four of § 405(g).  The clerk of the court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 28, 2018

cc:  Counsel of Record