UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Debra Chapin

    v.                                                      Civil No. 17-cv-436-LM
                                                                 Opinion No. 2020 DNH 060
Andrew Saul,[1] Commissioner,
Social Security Administration

**O R D E R**

Debra Chapin sought judicial review of the decision of the Commissioner of the Social Security Administration that denied her application for social security income benefits.  See doc. no. 12.  The court reversed and remanded the case under Sentence Four of § 405(g).  See Chapin v. Commissioner, Civil No. 17-cv-436-LM, 2018 WL 6190954 (D.N.H. Nov. 28, 2018).  Chapin now moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner objects on the grounds that the amount of fees requested is unreasonable.

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of the Social Security Administration.  Pursuant to Fed. R. Civ. P. 25(d), he automatically replaces the nominal defendant, Nancy A. Berryhill, who had been Acting Commissioner of Social Security at the time Chapin filed the pending motion.

**STANDARD OF REVIEW**

In cases against the United States, the EAJA directs courts to award the prevailing party attorneys' fees and other expenses, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The prevailing party has the burden of providing evidence to support the number of hours expended and the rates used. Page v. Astrue, Civil No. 08-cv-340-JD, 2009 WL 1798070, at *1 (D.N.H. June 23, 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The Supreme Court has emphasized that the "district court has discretion in determining the amount of a fee award," but that it must "provide a concise [and] clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437; see also Commissioner, INS v. Jean, 496 U.S. 154, 161 (1990).

**BACKGROUND**

On April 2, 2014, Debra Chapin filed two applications with the Social Security Administration: one for disability benefits and another for supplemental income. See 42 U.S.C. § 401 et seq; 42 U.S.C. § 1381 et seq. The SSA denied both her applications. She requested a hearing, and, on January 14, 2016, an administrative law judge ("ALJ") heard her claims. The

2

ALJ affirmed the SSA's decisions.  Chapin then filed a request for review with the SSA's Appeals Council which denied her request, making the ALJ's decision the Commissioner's final decision.

In 2017, Chapin asked this court to review the Commissioner's decision.  On November 28, 2018, this court reversed the decision and remanded the case.

On March 4, 2019, Chapin filed the current motion for attorneys' fees under the EAJA.  Doc. no. 19.  The Commissioner concedes that Chapin is entitled to attorneys' fees.  However, he argues that the attorneys' itemized hours are excessive.  He requests that the court reduce the hours.[2]

**DISCUSSION**

I. The Attorneys' Hours

Chapin submitted an itemized chart listing the hours expended.  Doc. no. 19-1.  The attorneys spent 45.60 hours on the case: 31.6 hours on the motion to reverse, 9.7 hours on the reply, and the rest on administrative matters.  The motion to reverse contained nine arguments; this court reversed the

---

[2] In addition to the attorneys' hours, the parties initially disputed the proper rate for a paralegal.  The government objected to a paralegal rate higher than $95.  Chapin resolved the issue by reducing her requested rate from $105 to $90 per hour.

3

Commissioner's decision on the first argument without reaching the other eight.  See doc. no. 17.

The Commissioner argues that the hours spent on the two pleadings were excessive because the other eight arguments "did not contribute to [Chapin's] success."  Doc. no. 21 at 4.  The Commissioner argues that a reasonable amount of time for the motion to reverse is 25 hours and six hours for the reply.

A court's fee inquiry begins and ends with the reasonableness of the attorneys' efforts.  Hensley, 461 U.S. at 434; United States v. Metro Dist. Comm'n, 847 F.2d 12, 17 (1st Cir. 1998).  Reasonableness is best described as a "range rather than an absolute."  Metro Dist. Comm'n, 846 F.2d at 17.  Despite reasonable attorney efforts, plaintiffs cannot recover fees on every claim they raise.  Hensley, 461 U.S. at 435.  Courts must exclude from a fee award any unrelated claims attenuated from the result obtained.  Id.  The Supreme Court has warned that "[a court's] failure to reach certain grounds is not sufficient reason for reducing a fee."  Id. Instead, "[t]he result is what matters."  Id.

The amount of time expended here was reasonable.  This case involved a host of medical issues; the administrative record itself is 728 pages and contains several medical opinions.  The court finds that the factual investigation, legal research, and drafting of two motions could reasonably involve 45.6 hours of

4

work. Nothing in the record indicates that the attorneys' hours were "excessive, redundant, or otherwise unnecessary . . . ." Hensley, 461 U.S. at 434.

The court is not persuaded to reduce Chapin's fee because her first claim was dispositive. See Bryan M. v. Litchfield Sch. Dist, No. CIV 04-CV-246-JM., 2005 WL 3287478, at *7 (D.N.H. Dec. 5, 2005) (awarding the plaintiff attorney's fees on all claims despite unsuccessful "alternative" legal theories which sought the same relief); see also Paladin v. Rivas, Civil No. 05-cv-079-SM, 2007 WL 2907263, at *13 (D.N.H. Sept. 28, 2007) (holding that plaintiff could recover on an unsuccessful claim because it was "sufficiently intertwined" with the two successful claims). All of Chapin's claims were alternative bases for the same relief: reversal. Thus, the court finds that Chapin's fee request is reasonable.

## II. Calculation

Chapin requests an award of fees at a rate of $200.35 per hour, amounting to a total of $9,135.96. She also requests that the court use the national "consumer price index" to calculate her adjusted rate.[3] The government does not object to its use.

---

[3] Although the First Circuit has not decided whether it prefers the national or regional index, courts have found that the national index is more consistent with the EAJA and its legislative purpose. See Quint v. Barnhart, Civil No. 05-135-B-

5

Although Chapin included her requested rate in her brief, she did not explain how she calculated it.  The court has performed its own calculation and will use the adjusted hourly rate of $197 for 2017, and $202 for 2018.  With these rates multiplied by the attorneys' hours (45.6), the fees total $9,200.70.[4]  The total paralegal hours (2.7) at $90 equals $243.  Adding these two numbers together equals $9,443.70.

Chapin's attorneys ask that the fees be paid directly to them, rather than to Chapin, pursuant to the terms of their assignment agreement.  Chapin assigned "any and all rights to any attorney fees payable under the [EAJA] to [her] attorney. . ."  Doc. no. 19-4.  The agreement assigned such fees to the following attorneys: Sherri Stone, Francis M. Jackson, Murrough O'Brien,

---

W, 2006 WL 1495004, at *2-3 (D. Me. May 25, 2006) (rec. dec., aff'd June 13, 2006) (citing Jawad v. Barnhart, 370 F.Supp.2d 1077, 1083-85 (S.D. Cal. 2005)).  This court finds the reasoning of these cases persuasive and applies the national index here.

[4] To arrive at the adjusted hourly rate, the court takes the national index for each year worked in, divides each by the index in March 1996 (when the EAJA was amended), and multiples each result by $125.  See Castaneda-Castillo v. Holder, 723 F.3d 48, 76-77 (1st Cir. 2013); New Hampshire Hospital Association v. Azar, Civil No. 15-cv-460-LM, 2019 WL 1406631, at *9 (D.N.H. Mar. 28, 2019).  Here, the national index was 245.120 in 2017, and 251.107 in 2018.  The national index in March 1996 was 155.7.  Thus, the adjusted rate is $197 for 2017, and $202 for 2018.  Chapin's attorneys worked for 2.1 hours in 2017, and 43.5 hours in 2018.  Thus, she is owed $413.70 for 2017, and $8,787 for 2018, amounting to a total of $9,200.70.

6

Marc D. Pepin, and Penelope Gronbeck. The Commissioner does not oppose direct payment to Chapin's attorneys.

EAJA fees are subject to an offset in the amount of any preexisting debt owed to the United States. Legasse v. Berryhill, Civ. No. 17-cv-212-JD, 2018 WL 2995619, at * 3 (D.N.H. Jun. 14, 2018). If Chapin owes nothing to the United States, the fee award is payable to her attorneys. Id.

## CONCLUSION

For the reasons stated above, Chapin's motion for an award of fees (doc. no. 19) is granted. Chapin is awarded $9,443.70 in attorneys' fees.

The Commissioner shall pay the fee award to Chapin's attorneys, less the amount of any preexisting debt that Chapin owes which is subject to offset.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 15, 2020

cc:   Counsel of Record